LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
SKY BILLIARDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SKY BILLIARDS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIF SERVICES, LLC, a California limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. §1114; Lanham Act 32);**<br><br>**(2) FEDERAL COUNTERFEITING (15 U.S.C. 1114(1)(a), 1116(d))**<br><br>**(3) FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a); Lanham Act §43(a));**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(5) COMMON LAW UNFAIR COMPETITION; and**<br><br>**(7) CALIFORNIA UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200).**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES – Page 1

Plaintiff, SKY BILLIARDS, INC. ("Sky") by and for its Complaint for Damages, hereby alleges on personal knowledge as to its own actions, and upon information and belief as to the actions of others, as follows:

## INTRODUCTION

1. This is an action in law and equity for, *inter alia*, intentional trademark infringement, counterfeiting, and unfair competition, knowingly directed at Plaintiff Sky.

2. Plaintiff Sky is a California based company that is in the business of importing a wide variety of goods into the United States and selling such goods throughout the United States via Internet websites such as www.amazon.com under its federally registered trademark BEST CHOICE PRODUCTS, United States federal trademark registration no.: 4346291.

3. Each new product that Sky imports and wishes to sell on the Internet website www.amazon.com must be registered and assigned a unique ASIN number which stands for <u>A</u>mazon <u>S</u>tandard <u>I</u>dentification <u>N</u>umber.

4. Each unique ASIN number identifies a specific product and that product's source and/or affiliation; therefore, each product registered by Plaintiff Sky is identified as being from and/or affiliated with Plaintiff Sky in the product listing with the unambiguous designator "*By Best Choice Products.*"

5. Plaintiff Sky takes great care in selecting and importing only goods that meet Plaintiff Sky's high standards of craftsmanship and quality and Plaintiff Sky invests time, money, and effort into its distribution infrastructure and customer service such that consumers have grown to trust the trademark BEST CHOICE PRODUCTS and associates the trademark with an efficient, satisfying, and a high quality purchasing experience.

6. Plaintiff Sky believes that its investments of time, money, and effort into its product selection, distribution infrastructure, and customer service has

1. caused its federally registered trademark, BEST CHOICE PRODUCTS, to amass significant goodwill and that its investments have produced valuable returns in the form of repeat business and word-of-mouth marketing via satisfied customers.

7. Recently, it has come to the attention of Plaintiff SKY that Defendant SIF SERVICES, LLC ("SIF") is intentionally and willfully attempting to profit from Plaintiff Sky's goodwill and reputation in bad faith by offering for sale and selling counterfeit products under Plaintiff Sky's federally registered trademark BEST CHOICE PRODUCTS through the website www.amazon.com under the seller identity "Easyfashion."

8. Defendant SIF purposefully and knowingly misrepresents that its products are provided by and/or affiliated with Plaintiff Sky and is defrauding consumers who have come to expect high quality goods and customer service provided by Plaintiff Sky and is harming the goodwill associated with Plaintiff Sky's federally registered trademark, BEST CHOICE PRODUCTS, by falsely associating its inferior quality goods and customer service with those of Plaintiff Sky.

9. Plaintiff Sky sent Defendant SIF a cease & desist letter on October 1, 2014 demanding Defendant SIF refrain from any further use of Plaintiff Sky's federally registered trademark or any confusingly similar designation by October 10, 2014.

10. With full knowledge that Plaintiff Sky owns a federal registration for the mark BEST CHOICE PRODUCTS, Defendant SIF has chosen to continue its deceptive and unlawful practices.

11. Each time Defendant SIF intentionally uses any one of Plaintiff Sky's ASIN numbers, Defendant SIF is committing an unlawful act that is intentionally and knowingly directed at the California based company, Plaintiff Sky.

12. Defendants SIF's unlawful behavior is targeted, intentional, and directed at Plaintiff Sky so that Defendant SIF will either appear to be Plaintiff Sky

or will appear to be affiliated with Plaintiff Sky.

13. Defendant SIF's intentional use of Plaintiff Sky's ASIN numbers is an intentional effort to capitalize on Plaintiff Sky's reputation and Internet consumer traffic and siphon sales away from Plaintiff Sky by creating a near identical product listing with a lower price that would appear adjacent Plaintiff Sky's product listing each time it was displayed.

14. Defendant SIF's unlawful behavior was and is knowingly directed at and specifically designed to siphon business from and harm Plaintiff Sky.

15. Defendant SIF's unlawful actions are performed with the full knowledge that such behavior is unlawful and is harming Plaintiff Sky, in fact, each counterfeit product listing posted by Defendant SIF using Plaintiff Sky's ASIN numbers display the misleading and infringing words *"By Best Choice Products"* as a highlighted link that when selected leads directly to Plaintiff Sky's seller's profile.

16. Plaintiff Sky is informed and believes, and based thereon alleges, that Defendant SIF's infringing activity is systematic and willful and/or done with reckless disregard for Plaintiff Sky's intellectual property rights and asks that this Court enjoin Defendant SIF's unlawful activities and pay appropriate damages pursuant to the above referenced federal and state statutes and common law.

## THE PARTIES

17. SKY BILLIARDS, INC. is a corporation formed under the laws of the state of California that maintains a principle place of business at 10955 Arrow Route, Suite 103, Rancho Cucamonga, California 91730.

18. Upon information and belief, SIF SERVICES, LLC is limited liability company formed under the laws of California that maintains a principal place of business at 19040 South Carlos Avenue, Ontario, CA 91761.

19. The true names, and identities or capacities, whether individual, associate, corporate or otherwise of DOES 1 through 10, inclusive, are unknown to Plaintiff Sky, who therefore sues said defendants by fictitious names. Plaintiff Sky is informed and believes, and on such information and belief, alleges that each of the Defendants sued herein as a DOE are legally responsible in some manner for the events and happenings referred herein. When the true name, identity and capacity of such fictitiously designated defendant are ascertained, Plaintiff Sky will ask leave of the Court to amend this Complaint to insert said true names, identities and capacities, together with proper charging allegations.

## JURIDISCTION AND VENUE

20. This is an action seeking permanent injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based on several federal causes of action including intentional trademark infringement, counterfeiting, and the unfair competition. Defendant SIF SERVICE, LLC is knowingly directing its unlawful behavior at Plaintiff Sky by unlawfully utilizing Plaintiff Sky's federally registered trademark: BEST CHOICE PRODUCTS, reg. no.: 4346291. The harm from these unlawful acts is occurring in the State of California, and more specifically in the Central District of California.

21. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. §§1331, 1338, and 1367, and pursuant to the Court's pendent jurisdiction.

22. This Court has jurisdiction over Defendant SIF because, *inter alia*, Defendant SIF maintains an office in the state of California and conducts business in the state of California and the Central District of California.

23. This Court has jurisdiction over Defendant SIF because, *inter alia*, Defendant SIF has purposefully directed its unlawful behavior at a California

company, Plaintiff Sky, with full knowledge that Plaintiff Sky was a California based company and the harm would be suffered in the state of California.

24. This Court has personal jurisdiction over Defendant SIF because, *inter alia*, Defendant SIF conducts business in the State of California and the Central District through its advertising and sales to customers located in California and in the Central District, transacts business in this judicial district, and has committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

25. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§1391(b), (c).

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## 15 U.S.C. §1114 (LANHAM ACT §32)

26. Plaintiff Sky hereby incorporates by reference each and every allegation contained in paragraphs 1 through 25 as though fully set forth herein, and makes the following allegations on information and belief.

27. Plaintiff Sky is the owner of United States federal trademark registration no.:4346291 for the mark BEST CHOICE PRODUCTS for: *Online retail store services featuring a wide variety of consumer goods* in international class 035.

28. Plaintiff Sky's U.S. federal trademark registration, no.: 4346291, is valid, subsisting, and in full force and effect.

29. Defendant SIF is actively selling a variety of goods on the Internet including the website www.amazon.com using the seller identity "Easyfashion."

30. Defendant SIF, through its seller identify "Easyfashion," purports to sell a variety of goods that are provided by and/or affiliated with BEST CHOICE PRODUCTS.

31. Exhibit A shows a screenshot from the website www.amazon.com wherein the seller by the name of "Easyfashion" is offering to sell a " Red 45" Pet

Puppy Dog Playpen Exercise Pen Kennel 600d Oxford Cloth" provided "*by Best Choice Products.*"

32. Exhibit B shows a screenshot from the website www.amazon.com wherein the seller by the name of "Easyfashion" is offering to sell a product described as "Pink 45" Pet Puppy Dog Playpen Exercise Pen Kennel 600d Oxford Cloth" provided "*by BestChoiceProducts.*"

33. Exhibit C shows a screenshot from the website www.amazon.com wherein the seller by the name of "Easyfashion" is offering to sell a product described as "Blue 45" Pet Puppy Dog Playpen Exercise Pen Kennel 600d Oxford Cloth" provided "*by Best Choice Products.*"

34. Exhibit D shows a screenshot from the website www.amazon.com wherein the seller by the name of "Easyfashion" is offering to sell a product described as "Multi Purpose Aluminum Ladder Folding Step Ladder Scaffold Extendable Heavy Duty" provided "*by Best Choice Products.*"

35. Defendant SIF's conduct is likely to cause confusion, to cause mistake or to deceive customers as to the origin, source, or sponsorship of Defendant SIF's goods and services, and is likely to create the false impression that Defendant SIF's goods and services are authorized, sponsored, endorsed, or licensed by, or affiliated with Plaintiff Sky.

36. Defendant SIF's conduct is willful, in bad faith, and with full knowledge that Defendant SIF has no right, license, or authority to use the trademark BEST CHOICE PRODUCTS, or any other designation similar thereto.

37. Defendant SIF's conduct is intended to reap the benefit of the goodwill that Sky has amassed in the marks BEST CHOICE PRODUCTS, and constitutes infringement of Plaintiff Sky's federally registered trademarks in violation of §32(1) of the Lanham Act, 15 U.S.C. §1114(1).

38. Because Defendant SIF is using a trademark that is confusingly similar to Plaintiff Sky's trademark, BEST CHOICE PRODUCTS, in connection

with U.S. commerce in an unauthorized manner, Defendant SIF has caused and is causing substantial irreparable harm to the goodwill associated with Plaintiff Sky's federally registered mark and will continue to damage Plaintiff Sky, and to deceive consumers unless enjoined by this Court.

39. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant SIF's continued unauthorized use in commerce of a trademark that is identical to, and therefore confusingly similar to, Plaintiff Sky's trademark BEST CHOICE PRODUCTS.

## COUNT II
## FEDERAL COUNTERFEITING
## 15 U.S.C. 1114(1)(a), 1116(d)

40. Plaintiff Sky hereby incorporates by reference each and every allegation contained in paragraphs 1 through 39 as though fully set forth herein, and makes the following allegations on information and belief.

41. Plaintiff Sky is the owner of the federally registered trademark BEST CHOICE PRODUCTS, reg. no.: 4346291.

42. Defendant SIF offered to sell goods and services on the Internet under the identical trademark, BEST CHOICE PRODUCTS, without the authorization or permission from Sky.

43. Defendant SIF's use of the trademark, BEST CHOICE PRODUCTS, is a spurious and intentional act to benefit from the goodwill, popularity, reputation, and demand for goods associated with the trademark BEST CHOICE PRODUCTS.

44. Defendant SIF is currently, and have at all times relevant to this action, been aware that the trademark BEST CHOICE PRODUCTS is owned by Plaintiff Sky, and that Defendant SIF does not have Plaintiff Sky's authorization or permission to use Plaintiff Sky's trademark.

45. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant SIF's continuous sale and offer for sale of counterfeit goods.

## COUNT III
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1125(a) (LANHAM ACT §43(a))

46. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. The conduct of Defendant SIF is likely to cause confusion, to cause mistake and/or to deceive consumers as to the origin, source, and/or sponsorship of the services provided by Defendant SIF, and is likely to create the false impression that such services are authorized, sponsored, endorsed, licensed by, and/or affiliated with Plaintiff Sky, the owner of the trademark BEST CHOICE PRODUCTS and is generally unfair and deceptive.

48. The conduct of Defendant SIF constitutes unfair competition, false designation of origin, false advertising, false representation of fact, and false description in violation of §42(a) of the Lanham Act, 15 U.S.C. §1125(a).

49. Because Defendant SIF is using a mark that is confusingly similar to the trademark BEST CHOICE PRODUCTS in connection with U.S. commerce in an unauthorized manner, Defendant SIF has caused and is causing substantial irreparable harm to Plaintiff Sky and its federally registered trademark and will continue to damage Plaintiff Sky, and to deceive consumers, unless enjoined by this Court.

50. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant SIF's continued use of a trademark in commerce that is confusingly similar to Plaintiff Sky's trademark, BEST CHOICE PRODUCTS.

///

## COUNT IV
## **COMMON LAW TRADEMARK INFRINGEMENT**

51. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. Plaintiff Sky has used its trademark, BEST CHOICE PRODUCTS, to sell goods on the Internet throughout the United States at least as early as March 8, 2006.

53. Plaintiff Sky's trademark, BEST CHOICE PRODUCTS, is inherently distinctive; therefore, common law trademark rights vested with Plaintiff Sky as soon as Plaintiff Sky began using the trademark in U.S. commerce.

54. With full knowledge of Plaintiff Sky's trademark, BEST CHOICE PRODUCTS, Defendant SIF subsequently began using an identical trademark in U.S. commerce in conjunction with identical or substantially similar goods.

55. The conduct of Defendant SIF is likely to cause confusion, to cause mistake, and to deceive customers as to the origin, source, or sponsorship of Defendant SIF's goods and services, and is likely to create the false impression that Defendant SIF's goods and services are authorized, sponsored, endorsed, licensed by, and/or affiliated with Plaintiff Sky.

56. Defendant SIF had actual knowledge of Plaintiff Sky's exclusive rights in its trademark BEST CHOICE PRODUCTS prior to using the identical mark in U.S. commerce.

57. The conduct of Defendant SIF is willful, in bad faith, and with full knowledge that Defendant SIF has no right, license or authority to use Plaintiff Sky's trademark or any other designation similar thereto.

58. The conduct of Defendant SIF is intended to reap the benefits of the goodwill that Plaintiff Sky has created in its trademarks, and constitutes an infringement of Plaintiff Sky's trademarks.

59. Because Defendant SIF is using the trademark BEST CHOICE PRODUCTS in connection with identical goods sold on the Internet in an unauthorized manner, Defendant SIF has caused and is causing substantial irreparable harm to the distinctiveness and goodwill associated with Plaintiff Sky's common law trademarks and will continue to damage Plaintiff Sky, and to deceive consumers, unless enjoined by this Court.

60. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant SIF's continued use of the trademark BEST CHOICE PRODUCTS, in U.S. commerce.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

61. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62. The unlawful conduct of Defendant SIF is likely to continue to cause confusion, to cause mistake and deceive consumers as to the origin, source, or sponsorship of goods provided by Defendant SIF in connection with the trademark BEST CHOICE PRODUCTS, and is likely to create the false impression that the services provided by Defendant SIF are sponsored by or affiliated with Plaintiff Sky.

63. The conduct of Defendant SIF constitutes unfair competition in violation of the common law of California and other states.

64. The conduct of Defendant SIF is willful, in bad faith, and with full knowledge that Defendant SIF has no right, license and/or authority to use the trademark BEST CHOICE PRODUCTS, or any other designation confusingly similar thereto.

65. Because Defendant SIF is using the trademark BEST CHOICE PRODUCTS in connection with the sale or offer for sale of identical goods, Defendant SIF has caused and is causing substantial irreparable harm to Plaintiff

Sky and will continue to damage Plaintiff Sky, and to deceive the consuming public, unless restrained and permanently enjoined by this Court.

66. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by the Defendant SIF's continued use of unfair business practices.

## COUNT VII
## CALIFORNIA UNFAIR COMPETITION
### Cal. Bus. & Prof. Code §17200

67. Plaintiff Sky repeats and incorporates by reference the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

68. The unlawful conduct of Defendant SIF, as alleged above, also constitute unfair, unlawful, and fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

69. The wrongful acts of Defendant SIF proximately caused, and will continue to cause substantial injury to Plaintiff Sky including confusion of potential customers, injury to reputation, and diminution of the value of Plaintiff Sky's trademark BEST CHOICE PRODUCTS. These actions will cause imminent irreparable harm and injury to Plaintiff Sky, the amount of which has not been ascertained, if Defendant SIF's acts continue.

70. As a direct and proximate result of the wrongful acts of Defendant SIF, Plaintiff Sky has been damaged, and is entitled to injunctive relief and restitution in an amount proven at trial. The acts of Defendant SIF, described herein, irreparably injure Plaintiff Sky's business, reputation and goodwill, and will continue to do so unless restrained and permanently enjoined by this Court.

71. Plaintiff Sky has no adequate remedy at law to address the continued harm to its reputation and goodwill caused by Defendant SIF's continued use of a trademark in commerce that is identical, and therefore confusingly similar to, Plaintiff Sky's federally registered trademark BEST CHOICE PRODUCTS.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sky respectfully requests the following relief;

A. A permanent injunction prohibiting Defendant SIF, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the trademark BEST CHOICE PRODUCTS, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling similar goods in the United States, and from otherwise infringing the U.S federal trademark registration no: 4346291;

B. An accounting for all profits acquired by Defendant SIF through sales of goods or services in conjunction with the unlawful use of U.S. federal trademark registration nos.: 4346291;

C. An award of $250,000 for damage to the goodwill and reputation of Plaintiff Sky's federally registered trademark BEST CHOICE PRODUCTS, reg. no: 4346291;

D. An award of statutory damages in accordance with 15 U.SC. § 1117(c)(2) of $2,000,000 per counterfeit mark per type of product sold, offered for sale, or distributed;

E. An award of treble damages or other enhanced monetary remedies paid to Plaintiff Sky;

F. An award of attorneys' fees and cost paid to Plaintiff Sky; and

G. Any such further relief as the Court may deem just and appropriate.

///
///
///

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

Dated this fifth day of November, 2014

By: _____
Kevin M. Welch, Esq. (SBN 254565)
LAW OFFICE OF KEVIN M. WELCH
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Email: Kevin@kmwlawoffice.com
Attorney for Plaintiff,
Sky Billiards, Inc.